Gregory N. Karasik (SBN 115834)
greg@karasiklawfirm.com
**Karasik Law Firm**
11835 W. Olympic Blvd., Ste. 1275
Los Angeles, California 90064
Tel: (310) 312-6800
Fax: (310) 943-2582

Santos Gomez (SBN 172741)
**Law Offices of Santos Gomez**
2901 Park Avenue, Suite B16
Soquel, CA 95073
Tel (831) 471-8780
Fax (831) 471-8774

Attorneys for Plaintiffs
MARCELINA PERALTA and
RIGOBERTO MONJARAZ

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELINA PERALTA and RIGOBERTO MONJARAZ, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PARAMOUNT CITRUS COOPERATIVE and DOES 1 through 10,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Marecelina Peralta and Rigoberto Monjaraz ("Plaintiffs"), on behalf of themselves and all others similarly situated, complain and allege as follows:

**INTRODUCTION**

1. This case arises out of the failure of defendant Paramount Citrus Cooperative ("Defendant") to pay seasonal agricultural workers who harvest citrus ("Field Workers") all the wages owed to them. Piece rate wages earned by Field Workers do not compensate them for the time they are engaged in various non-piece work activities that constitute compensable "hours worked," during

1
COMPLAINT

which they cannot earn piece rate wages and for which they are entitled to receive minimum wages. The compensable non-piece work activities for which Field Workers do not receive minimum wages include: a) waiting, after reporting for work at the time required by Defendant, before beginning to work in the field ("standby time"); b) waiting, after reporting to work at the time required by Defendant, before being told that there is no work for the day ("reporting time"); c) walking or traveling from one field to another during a workday ("travel time"); and d) taking rest periods ("rest time"). Field Workers paid directly by Camacho FLC are also not paid minimum wage rates for certain kinds of hourly work. As a result, Defendant fails to pay Field Workers all the minimum wages owed to them under Labor Code Section 1197, Defendant fails to pay Field Workers all the wages owed to them upon discharge (including seasonal layoffs) or resignation under Labor Code Section 201 or 202, Defendant fails to pay Field Workers all the wages owed to them under the Migrant and Seasonal Agricultural Workers Protection Act ("AWPA"), Defendant fails to provide Field Workers with accurate wage statements in violation of Labor Code Section 226 and the AWPA, and Defendant engages in unfair competition. Plaintiffs seek all damages, restitution, and penalties to which they and similarly situated Field Workers are entitled under the AWPA and state law.

**JURISDICTION**

2. The Court has original jurisdiction over Plaintiffs' claims under the AWPA, a law of the United States, pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1854. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. The state law claims are so related to Plaintiffs' claims under the AWPA that they form part of the same case or controversy.

**VENUE**

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant does business and therefore resides in this district and/or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

**THE PARTIES**

  A.  **Plaintiffs**

4. Plaintiffs worked as Field Workers for Defendant at various locations in Kern County during harvest seasons between 2013 and the present. Each harvest season runs from approximately

mid October to late March. During their employment with Defendants, Plaintiffs had to report for work at a time of day specified by Defendant. After reporting to work, Plaintiffs would often have to wait an hour or more before starting work. On some occasions, Plaintiffs would have wait an hour or more after reporting for work only to be told that there was no work to be performed that day. Plaintiffs typically took two 15-minute rest periods a day and, approximately once a week, Plaintiffs would have to move from one field to another during a workday. Plaintiffs were not able to earn piece rate wages during any of their standby time, reporting time, rest time or travel time, and Plaintiffs were not paid any wages for the time spent in any of those non-piece work activities. As a result, Plaintiffs were not paid all the minimum wages owed to them for all of the time engaged in non-piece work activities that constituted "hours worked" and were not provided with accurate wage statements. When supplied to Defendant by Camacho FLC, Plaintiffs were not paid all the minimum wages owed to them or provided accurate wage statements for the additional reason that they were paid less than minimum wage rates for certain kinds of hourly work. For example, attached hereto as Exhibit 1 is a wage statement showing that Peralta was paid at the rate of $2.00 an hour for one hour of picking work and at the rate of $2.50 an hour for one hour of cleaning equipment the during the pay period 2/10/14 – 2/16/14; and attached as Exhibit 2 is a wage statement showing that Monjaraz was paid at the rate of $2.00 an hour for one hour of picking work and at the rate of $4.00 an hour for one hour of cleaning equipment during the pay period 3/31/14 – 4/6/14. When Plaintiffs were laid off at the end of the 2013-2014-harvest season, Plaintiffs were not paid all the wages owed to them upon the termination of that season of employment. To date, Defendant has not paid Plaintiffs any of the minimum wages still owed to them or any of the penalty wages owed to them under Labor Code Section 203 for violation of Labor Code Section 201.

  B. **Defendants**

  5. At all relevant times, Defendant has been a corporation organized under the law of the State of California with a principal place of business in Los Angeles, California. Defendant grows, packages and markets citrus at various locations in the state of California. Defendant, jointly with one or more farm labor contractors, is or was an employer of Plaintiffs and other similarly situated Field Workers at the time Defendant breached its legal obligations to them as described herein, and

Defendant continues to breach legal obligations owed to similarly situated Field Workers currently employed by Defendant.

6. Plaintiffs are ignorant of the true name, capacity, relationship and extent of participation in the conduct herein alleged, of the Defendants sued herein as DOES 1 through 10, but are informed and believe and thereon allege that said Defendants are legally responsible for the wrongful conduct alleged herein and therefore sue these Defendants by such fictitious names. Plaintiffs will amend this complaint to allege the true names and capacities of the DOE Defendants when ascertained.

7. Plaintiffs are informed and believe and thereon allege that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

**CLASS ACTION ALLEGATIONS**

8. Plaintiffs bring their claims on behalf of themselves and all other similarly situated Field Workers (collectively the "Class") as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The members of the Class belong to the Field Worker Class, Camacho Class, Restitution Class, Wage Statement Class and/or Final Wages Class, which are defined as follows:

**Field Workers Class**: All persons who, at any time since the date three years before the filing of the complaint in this action, worked at Paramount Citrus in California as a seasonal agricultural worker who performed field work harvesting citrus.

**Camacho Class**: All persons who, at any time since the date three years before the filing of the complaint in this action, worked at Paramount Citrus in California as a seasonal agricultural worker who performed field work harvesting citrus, and who were paid directly by Camacho FLC.

**Restitution Class**: All persons who, at any time since the date four years before the filing of the complaint in this action, worked at Paramount Citrus in California as a seasonal agricultural worker who performed field work harvesting citrus.

**Wage Statement Class**: All persons who, at any time since the date three years before the filing of the complaint in this action, worked at Paramount Citrus in California as a seasonal agricultural worker who performed field work harvesting citrus.

**Final Wages Class**: All persons who worked at Paramount Citrus in California as a seasonal agricultural worker who performed field work harvesting produce who had a period of employment during any harvesting season end at any time since the date three years before the filing of the complaint in this action.

9. Plaintiffs' class claims are brought and may be maintained as a class action under Rule 23(a) of the Federal Rules of Civil Procedure.

 a. <u>Numerosity</u>. The Class members are so numerous that individual joinder of all of them as plaintiffs is impractical. While the exact number of Class members is unknown to Plaintiffs at this time, Plaintiffs are informed and believes and thereon alleges that there are not less than 50 members in the Field Workers Class, not less than 50 members in the Camacho class, not less than 50 members in the Restitution Class, not less than 50 members in the Wage Statement Class, not less than 50 members in the Final Wages Class, and not less than 50 members in the Class as a whole.

 b. <u>Commonality</u>. There are questions of law or fact common to class members. These common questions include, but are not limited to:

  (1) Does the time spent by Field Workers waiting on Defendant's premises before starting to work in the field constitute compensable "hours worked" within the meaning of Wage Order 14-2001?

  (2) Does the time spent by Field Workers waiting on Defendant's premises before being sent home for lack of work in the field constitute "hours worked" within the meaning of Wage Order 14-2001?

  (3) Does the time spent by Field Workers walking on Defendant's premises from one field to another during a workday constitute compensable "hours worked" within the meaning of Wage Order 14-2001?

  (4) Does the time spent by Field Workers taking rest periods constitute compensable "hours worked" within the meaning of Wage Order

1 | 14-2001?

(5) Did the piece rate wages earned by Field Workers compensate them for any of their standby time, reporting time, travel time, or rest time?

(6) Were Field Workers paid directly by Camacho FLC paid wage rates less than the minimum wage rate?

(7) Did Defendant engage in a "willful" failure to pay wages, thereby making Defendant liable for penalty wages under Labor Code Section 203?

(8) Did Defendant fail to provide Field Workers with accurate wage statements in violation of Labor Code Section 226 or the AWPA?

c. <u>Typicality</u>. Plaintiffs are members of the Class, and their claims are typical of the claims of the other Class members Plaintiffs seek to represent. Plaintiffs suffered the same kinds of injuries suffered by other Class members and seek the same kind of relief sought by other Class members.

d. <u>Adequate Representation</u>. Plaintiffs will adequately and fairly protect the interests of the members of the Class. Plaintiffs have no interests adverse to the interests of absent Class members. Plaintiffs are represented by legal counsel with substantial class action experience in civil litigation and employment law.

10. This case is brought and may be maintained as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure. Questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. Further, the monetary amounts due to many individual class members are likely to be relatively small, and the burden and expense of individual litigation would make it difficult or impossible for individual class members to seek and obtain relief. A class

action will serve an important public interest by permitting employees harmed by Defendant's unlawful practices to effectively pursue recovery of the sums owed to them.

### FIRST CLAIM FOR RELIEF

### FAILURE TO PAY MINIMUM WAGES

### (By Plaintiffs and the Field Workers Class against Defendants)

11. Plaintiffs incorporate paragraphs 1 through 10 of this complaint as if fully alleged herein.

12. At all relevant times, Plaintiffs and the other members of Field Workers Class were employees of Defendant covered by Labor Code Section 1197.

13. Pursuant to Labor Code Section 1197, Plaintiffs and the other members of the Field Workers Class were entitled to minimum wages, separate and apart from their piece rate wages, for every hour they engaged in non-piece work activities that constituted compensable "hours worked."

14. Defendant failed to pay Plaintiffs and other members of the Field Workers Class all minimum wages owed to them in accordance with Labor Code Section 1197. Plaintiffs are informed and believe and thereon alleges that, during the limitations period applicable to this cause of action, Defendant had a policy or practice of not paying Field Workers any wages for standby time, reporting time, travel time, or rest time, which resulted in Defendant not paying them minimum wages for every hour they engaged in non-piece work acitivities that constituted compensable "hours worked."

15. As a result of Defendant's unlawful conduct, Plaintiffs and other members of the Field Workers Class have suffered damages in an amount, subject to proof, to the extent they were not paid all the minimum wages owed to them for all the time they engaged in non-piece work activities that constituted compensable "hours worked."

16. Pursuant to Labor Code Section 1194, Plaintiffs and other members of the Field Worker Class are entitled to recover the full amount of their unpaid minimum wages, interest thereon, reasonable attorney's fees and costs of suit. Pursuant to Labor Code Section 1194.2, Plaintiffs and other members of the Field Workers Class are also entitled to recover liquidated damages in an amount equal to the amount of unpaid minimum wages and interest thereon.

///

## SECOND CLAIM FOR RELIEF

## FAILURE TO PAY MINIMUM WAGES

### (By Plaintiffs and the Camacho Class against Defendants)

17. Plaintiffs incorporates paragraphs 1 through 10 of this complaint as if fully alleged herein.

18. At all relevant times, Plaintiffs and the other members of Camach Class were employees of Defendant covered by Labor Code Section 1197.

19. Pursuant to Labor Code Section 1197, Plaintiffs and the other members of the Camacho Class were entitled to minimum wages for every hour of work.

20. Defendant failed to pay Plaintiffs and other members of the Camacho Class all minimum wages owed to them in accordance with Labor Code Section 1197. Plaintiffs are informed and believe and thereon alleges that, during the limitations period applicable to this cause of action, Field Workers paid on behalf of Defendant by Camacho FLC were paid at hourly wage rates less than the minimum wage rate for certain kinds of hourly work.

21. As a result of Defendant's unlawful conduct, Plaintiffs and other members of the Camacho Class have suffered damages in an amount, subject to proof, to the extent they were not paid all the minimum wages owed to them for every hour of work.

22. Pursuant to Labor Code Section 1194, Plaintiffs and other members of the Field Worker Class are entitled to recover the full amount of their unpaid minimum wages, interest thereon, reasonable attorney's fees and costs of suit. Pursuant to Labor Code Section 1194.2, Plaintiffs and other members of the Field Workers Class are also entitled to recover liquidated damages in an amount equal to the amount of unpaid minimum wages and interest thereon.

## THIRD CLAIM FOR RELIEF

## UNFAIR COMPETITION

### (By Plaintiffs and the Restitution Class)

23. Plaintiffs incorporate paragraphs 1 through 22 of this complaint as if fully alleged herein.

24. The unlawful conduct of Defendant alleged herein constitutes unfair competition within

the meaning of Business and Professions Code Section 17200.

25. As a result of Defendant's unfair competition as alleged herein, Plaintiffs and other members of the Restitution Class have suffered injury in fact and lost money or property. Plaintiffs and members of the Restitution Class have been deprived of their rights to payment of all the minimum wages owed to them and Plaintiffs and members of the Restitution Class have not been paid all the monies owed to them under California law.

26. Pursuant to Business and Professions Code Section 17203, Plaintiffs and other members of the Restitution Class are entitled to restitution of all wages or other monies owed to them under California law (including interest thereon), in which they had a property interest, which Defendant failed to pay to them. Restitution of the money owed to Plaintiffs and other members of the Restitution Class that Defendant wrongfully withheld and retained by means of engaging in unlawful business practices in violation of California law is necessary to prevent Defendant from becoming unjustly enriched by its failure to comply with California law.

27. Plaintiff and members of the Restitution Class are entitled to recover reasonable attorney's fees in connection with their unfair competition claims pursuant to Code of Civil Procedure Section 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

## FOURTH CLAIM FOR RELIEF

## FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

### (By Plaintiffs and the Wage Statement Class against Defendants)

28. Plaintiffs incorporate paragraphs 1 through 22 of this complaint as if fully alleged herein.

29. At all relevant times, Plaintiffs and the other members of the Wage Statement Class were employees of Defendant covered by Labor Code Section 226.

30. Pursuant to Labor Code Section 226(a), Plaintiffs and the other members of the Wage Statement Class were entitled to receive, semimonthly or at the time of each payment of wages, an accurate itemized wage statement showing, *inter alia*, the total amount of gross wages earned during the pay period, the total amount of net wages earned during the pay period, the total number of hours worked during the pay period, and all the applicable hourly rates of pay

1 | during the pay period.

2 | 31. Defendant failed to provide Plaintiffs and other members of the Wage Statement Class accurate itemized statements in accordance with Labor Code Section 226(a). Plaintiffs are informed and believe and thereon allege that, during the limitations period applicable to this cause of action, Defendant had a policy or practice of not paying Field Workers any wages for standby time, reporting time, travel time, or rest time, and Field Workers paid on behalf of Defendant by Camacho FLC were paid at hourly wage rates less than the minimum wage rate for certain kinds of hourly work, which resulted in members of the Wage Statement Class not receiving accurate wage statements.

32. Defendant's failure to provide Plaintiffs and other members of the Wage Statement Class with accurate wage statements was knowing and intentional. Defendant had the ability to provide Plaintiff and other members of the Wage Statement Class with accurate wage statements but intentionally provided wage statements that Defendant knew did not comply with all the requirements of Labor Code Section 226. Defendant intended and knew that, during the limitations period applicable to this cause of action, Defendant had a policy or practice of not paying Field Workers any wages for standby time, reporting time, travel time, or rest time, and that Field Workers paid on behalf of Defendant by Camacho FLC were paid at hourly wage rates less than the minimum wage rate for certain kinds of hourly work.

33. As a result of Defendant's conduct, Plaintiffs and other members of the Wage Statement Class have suffered injury. From the wage statements provided to them alone, Plaintiffs and other members of the Wage Statement Class could not promptly and easily determine the total amount of gross wages actually earned during the pay period, the total amount of net wages actually earned during the pay period, the total number of hours actually worked during the pay period, or all the applicable hourly rates of pay during the pay period.

34 Pursuant to Labor Code Section 226(e), Plaintiffs and other members of the Wage Statement Class are entitled to recover fifty dollars for the initial pay period in which a violation of Labor Code Section 226 occurred and one hundred dollars for each violation of Labor Code Section 226 in every subsequent pay period, not to an exceed an aggregate civil penalty of four thousand dollars per employee.

35.   Pursuant to Labor Code Sections 218, 226(e) and 226(g), Plaintiffs and other members of the Wage Statement Class are entitled to recover the full amount of civil penalties due under Labor Code Section 226(e), reasonable attorney's fees and costs of suit.

### FIFTH CLAIM FOR RELIEF

### FAILURE TO PAY ALL WAGES UPON TERMINATION

### (By Plaintiffs and the Final Wages Class against Defendants)

36.   Plaintiffs incorporate paragraphs 1 through 22 of this complaint as if fully alleged herein.

37.   At all relevant times, Plaintiffs and the other members of the Final Wages Class were employees of Defendant covered by Labor Code Sections 201 or 202.

38.   Pursuant to Labor Code Sections 201 or 202, Plaintiffs and other members of the Final Wages Class were entitled upon termination to timely payment of all wages earned and unpaid prior to termination. Discharged employees (including employees subject to seasonal layoffs) were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination. Employees who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid prior to resignation at the time of resignation.

39.   Defendant failed to pay Plaintiffs and other members of the Final Wages Class all wages earned and unpaid prior to termination in accordance with Labor Code Sections 201 or 202. Plaintiffs are informed and believe and thereon allege that at all relevant times within the limitations period applicable to this cause of action, Defendant had a policy or practice of not paying Field Workers any wages for standby time, reporting time, travel time, or rest time, and Field Workers paid on behalf of Defendant by Camacho FLC were paid at hourly wage rates less than the minimum wage rate for certain kinds of hourly work, which resulted in Defendant failing to pay them all the wages owed to them upon termination.

40.   Defendant's failure to pay Plaintiffs and members of the Final Wages Class all wages earned prior to termination in accordance with Labor Code Sections 201 or 202 was willful. Defendant had the ability to pay all wages earned by members of the Final Wages Class prior to

termination in accordance with Labor Code Sections 201 or 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code Sections 201 or 202. Defendant intended and knew that, during the limitations period applicable to this cause of action, Defendant had a policy or practice of not paying Field Workers any wages for standby time, reporting time, travel time, or rest time, and that Field Workers paid on behalf of Defendant by Camacho FLC were paid at hourly wage rates less than the minimum wage rate for certain kinds of hourly work.

41. Pursuant to Labor Code Sections 201 or 202, Plaintiffs and other members of the Final Wages Class are entitled to all wages earned prior to termination that Defendant failed to pay them.

42. Pursuant to Labor Code Section 203, Plaintiffs and other members of the Final Wages Class are entitled to penalty wages for each termination of employment, from the day their earned and unpaid wages were due upon termination until paid, up to a maximum of 30 days of penalty wages for each termination of employment.

43. As a result of Defendant's unlawful conduct, Plaintiffs and other members of the Final Wages Class have suffered damages in an amount, subject to proof, to the extent they were not paid for all wages earned prior to termination.

44. As a result of Defendant's unlawful conduct, Plaintiffs and other members of the Final Wages Class have suffered damages in an amount, subject to proof, to the extent they were not paid all penalty wages owed under Labor Code Section 203.

45. Pursuant to Labor Code Sections 218 and 218.5, Plaintiffs and other members of the Final Wages Class are entitled to recover the full amount of their unpaid wages, penalty wages under Labor Code Section 203, reasonable attorney's fees and costs of suit. Pursuant to Labor Code Section 218.6 or Civil Code Section 3287(a), Plaintiff and other members of the Final Wages Class are entitled to recover prejudgment interest on the amount of their unpaid wages and unpaid penalty wages.

### SIXTH CLAIM FOR RELIEF

### FAILURE TO COMPLY WITH THE AWPA

### (By Plaintiffs and the Field Workers Class against Defendants)

46. Plaintiffs incorporate paragraphs 1 through 45 of this complaint as if fully alleged herein.

47. At all relevant times, Plaintiffs and the other members of the Field Workers Class were "seasonal agricultural workers" within the meaning of 29 U.S.C. § 1802(10).

48. At all relevant times, Defendant was an "agricultural employer" within the meaniong of 29 U.S.C. § 1802(2).

49. Pursuant to 29 U.S.C. § 1832, Defendant was required to pay Plaintiffs and the other members of the Field Workers Class all the wages owed to them when due.

50. Defendant failed to pay Plaintiffs and other members of the Field Workers Class all the wages owed to them when due in violation of 29 U.S.C. § 1832. Plaintiffs are informed and believe and thereon alleges that, during the limitations period applicable to this cause of action, Defendant had a policy or practice of not paying Field Workers any wages for standby time, reporting time, travel time, or rest time, and Field Workers paid on behalf of Defendant by Camacho FLC were paid at hourly wage rates less than the minimum wage rate for certain kinds of hourly work, which resulted in Defendant failing to pay them all the minimum wages due to them each payday and/or all the wages due to them upon termination.

51. Pursuant to 29 U.S.C. § 1821(d), Defendant was required to provide Plaintiffs and the other members of the Field Workers Class itemized wage statements for each pay period that accurately set forth the number of hours they worked and their total pay period earnings.

52. Defendant failed to pay provide Plaintiffs and other members of the Field Workers Class with accurate wage statements in violation of 29 U.S.C. § 1821(d). Plaintiffs are informed and believe and thereon allege that, during the limitations period applicable to this cause of action, Defendant had a policy or practice of not paying Field Workers any wages for standby time, reporting time, travel time, or rest time, and Field Workers paid on behalf of Defendant by Camacho FLC were paid at hourly wage rates less than the minimum wage rate for certain kinds of hourly work, which resulted in Field Workers not receiving accurate wage statements.

53. Defendant's failure to pay Plaintiffs and other members of the Field Workers Class all the wages owed to them when due in violation of 29 U.S.C. § 1832 and Defendant's failure to provide Plaintiffs and other members of the Field Workers Class with accurate wage statements in violation of 29 U.S.C. § 1821(d) were intentional. Defendant consciously and deliberately failed to pay Field

1  Workers any wages for standby time, reporting time, travel time, or rest time.

2    54.    As a result of Defendant's unlawful conduct, Plaintiffs and other members of the Field Workers Class have suffered damages in an amount, subject to proof, to the extent they were not paid for all the wages owed to them.

    55.    Pursuant to 29 U.S.C. § 1854, Plaintiff and other members of the Field Workers Class are entitled to recover actual damages or statutory damages of up to $500 per class member per violation, not to exceed the aggregate amount of $500,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray for relief and judgment against Defendants as follows:

A. An order certifying that Plaintiffs may pursue their claims as a class action under Rule 23 of the Federal Rules of Civil Procedure;

B. An order appointing Plaintiffs as Class representatives and appointing Plaintiffs' counsel as Class counsel;

C. Damages for unpaid minimum wages under Labor Code Section 1194;

D. Liquidated damages under Labor Code Section 1194.2;

E. Restitution for unpaid wages under Business and Professions Code Section 17203;

F. Civil penalties for inaccurate wage statements under Labor Code Section 226;

G. Damages for unpaid wages under Labor Code Sections 201 or 202;

H. Damages for unpaid penalty wages under Labor Code Section 203;

I. Actual damages or statutory damages under 29 U.S.C. § 1854;

J. Pre-judgment interest;

K. Costs;

L. Reasonable attorney's fees; and

///
///
///
///

14
COMPLAINT

M.     Such other and further relief as the Court deems just and proper.

Dated: February 19, 2015

KARASIK LAW FIRM
LAW OFFICES OF SANTOS GOMEZ

By _____
Gregory N. Karasik
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury for themselves and all others similarly situated on all claims so triable.

Dated: February 19, 2015

KARASIK LAW FIRM
LAW OFFICES OF SANTOS GOMEZ

By _____
Gregory N. Karasik
Attorneys for Plaintiff

EXHIBIT 1

CAMACHO FLC INC. 701 CALLE DEL SOL ST. BAKERSFIELD, CA 93307-6874                                       004785

#586 PERALTA, MARCELINA   XXX-XX-0124   02/10/14 to 02/16/14   Ch# 4785   02/21/14

| Day | Pay Type | Grower | Field | Job | Hours | Units | Rate | Total | | This Check | Yr to Date |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | Piecework | PARAMOUNT | 3 | picking | 5.00 | 2.2500 | 40.0000 | 90.00 | Gross Wages | 94.50 | 94.50 |
| | Reg. Hrs | NO GROWER | 3 | picking | 1.00 | | 2.0000 | 2.00 | Social Sec. | 5.86 | 5.86 |
| | Reg. Hrs | PARAMOUNT | 3 | Cleaning equip | 1.00 | | 2.5000 | 2.50 | Medicare | 1.37 | 1.37 |
| | | | | | | | | | SDI | 0.95 | 0.95 |
| | | | Totals: | | 7.00 | 2.2500 | | 94.50 | Net Check | 86.32 | 86.32 |
| | | Total Piecework Hours: | | | 5.00 @ 8.00 | | Min. Wage: | 40.00 | | | |
| | | | | | | | P/W Earnings: | 90.00 | Camacho FLC, Inc. | | |

701 Calle Del Sol Street
Fed ID: 80-0795728   St. ID:017-9107-8

# EXHIBIT 2

006420

CAMACHO FLC INC.   741 CALLE DEL SOL #7, BAKERSFIELD, CA 93307-6874

#587 MONJARAS SEBASTIAN, RIGOBERTO   XXX-XX-4035   03/31/14 to 04/06/14   Ch# 6420   04/11/14

| Day | Pay Type | Grower | Field | Job | Hours | Units | Rate | Total | | This Check | Yr to Date |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | Piecework | PARAMOUNT | 3 | picking | 5.00 | 3.0000 | 40.0000 | 120.00 | Gross Wages | 126.00 | 3,424.50 |
| | Reg. Hrs | NO GROWER | 3 | picking | 1.00 | | 2.0000 | 2.00 | Fed Wht | 0.00 | 58.50 |
| | Reg. Hrs | PARAMOUNT | 3 | Cleaning equip | 1.00 | | 4.0000 | 4.00 | Social Sec. | 7.81 | 212.32 |
| | | | | | | | | | Medicare | 1.83 | 49.66 |
| | | | | Totals: | 7.00 | 3.0000 | | 126.00 | SDI | 1.26 | 34.25 |
| | | | Total Piecework Hours: | | 5.00 @ 8.00 | | Min. Wage: | 40.00 | Net Check | 115.10 | 3,069.77 |
| | | | | | | | P/W Earnings: | 120.00 | | | |

Camacho FLC, Inc.
P.O. Box 20746
Fed ID: 80-0795728   St. ID:017-9107-8