UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELINA PERALTA and RIGOBERTO MONJARAZ, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WONDERFUL CITRUS PACKING LLC and DOES 1-10,<br><br>Defendants. | No. 1:15-cv-00263-TLN-JLT<br><br>**ORDER** |

This matter is before the Court on Defendant Wonderful Citrus Packing LLC's ("Defendant")[1] Motion to Dismiss and Motion to Strike the Complaint under Federal Rules of Civil Procedure 12(b)(6) and 12(f) ("Rule 12(b)(6)" and "Rule 12(f)").[2] (Def.'s Mot. to Dismiss, ECF No. 16.) Plaintiffs Marcelina Peralta and Rigoberto Monjaraz (collectively "Plaintiffs"), individually and on behalf of others similarly situated, oppose Defendant's motions. (Pls.' Opp'n, ECF No. 23.) The Court is duly advised of the parties' arguments. After careful

---

[1] Defendant was erroneously sued as Paramount Citrus Cooperative in the First Complaint. (ECF No. 1.) In accordance with the Parties' Stipulation (ECF No. 26), the Court ordered Plaintiffs to file a Second Amended Complaint naming Defendant in place of Paramount Citrus Cooperative (ECF No. 27).

[2] Pursuant to the Minute Order issued on December 18, 2015 (ECF No. 32), the Motion to Dismiss and Motion to Strike that was previously filed with this Court on April 27, 2015, by Paramount Citrus Cooperative (ECF No. 16) shall be deemed to have been submitted by Defendant and will be considered Defendant's response to Plaintiffs' Second Amended Complaint (ECF No. 28.).

consideration, and for the reasons set forth below, the Court hereby DENIES the Motion to Strike and GRANTS the Motion to Dismiss the Fifth Cause of Action to the extent that Plaintiffs assert such a claim under California Labor Code Section 202.

## I.     FACTUAL BACKGROUND

Plaintiffs are seasonal field workers who harvested citrus grown at various locations in Kern County for Defendant, a limited liability company, between 2013 and the present. (Pls.' Second Am. Compl., ECF No. 28 at 1–3.) Plaintiffs filed a Class Action Complaint alleging as follows: Defendant had a policy or practice of not paying Field Workers any wages for standby time, reporting time, travel time, or rest time, which resulted in Defendant not paying Plaintiffs minimum wages for every hour they engaged in non-piece work activities that constituted compensable "hours worked" in violation of California Labor Code Section 1197 (ECF No. 28 at ¶ 14); Defendant engaged in unlawful conduct that constituted unfair competition in violation of California Business and Professions Code Section 17200 (ECF No. 28 at ¶ 24–25); Defendant knowingly and intentionally failed to provide accurate and itemized wage statements to Plaintiffs in violation of California Labor Code Section 226 (ECF No. 28 at ¶ 31–32); Defendant had the ability to pay all wages earned by and unpaid to Plaintiffs prior to the time of their termination at the time of their termination but willfully failed to do so in violation of California Labor Code Sections 201 and 202 (ECF No. 28 at ¶ 38–40); and Defendant failed to comply with the Migrant and Seasonal Agricultural Workers Protection Act, 29 U.S.C. § 1801, *et seq.* ("AWPA") by failing to pay Plaintiffs the wages owed to them and by failing to provide Plaintiffs with accurate wage statements (ECF No. 28 at ¶ 53). Plaintiffs filed this Class Action lawsuit seeking damages, restitution, and penalties. (ECF No. 28 at ¶ 1.)

Defendant moves to dismiss the Fifth Cause of Action under Rule 12(b)(6) to the extent that Plaintiffs assert such a claim under Labor Code Section 202. (ECF No. 16.) Alternatively, Defendant moves to strike references to Labor Code Section 202 in the Complaint pursuant to Rule 12(f). (ECF No. 16.) Defendant alleges that violations of Labor Code Section 202 can only be asserted by individuals who quit their position. (ECF No. 16 at 4.) The two named Plaintiffs admit they were "laid off" (ECF No. 28 at ¶ 4), therefore, Defendant contends Plaintiffs do not

have standing to assert claims under that statute. (ECF No. 16 at 4–5.)

## II. STANDARDS OF LAW

### A. Motion to Strike

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A court will only consider striking a defense or allegation if it fits within one of these five categories. *Yursik v. Inland Crop Dusters Inc.*, No. CV-F-11-01602-LJO-JLT, 2011 WL 5592888, at *3 (E.D. Cal. Nov.16, 2011) (citing *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973–74 (9th Cir. 2010)). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). However, Rule 12(f) motions are "generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003). "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Id.* Unless it would prejudice the opposing party, courts freely grant leave to amend stricken pleadings. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979); *see also* Fed. R. Civ. P. 15(a)(2). If the court is in doubt as to whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied, leaving the assessment of the sufficiency of the allegations for adjudication on the merits after proper development of the factual nature of the claims through discovery. *See generally Whittlestone*, 618 F.3d at 974–75.

Where a defendant seeks to challenge the sufficiency of factual allegations in a complaint, it must do so through a Rule 12(b)(6) motion, not a Rule 12(f) motion. *Kelley v. Corr. Corp. of Am.*, 750 F. Supp. 2d 1132, 1146 (E.D. Cal. 2010) (citing *Consumer Solutions REO, LLC v. Hillery*, 658 F. Supp. 2d 1002, 1020 (N.D. Cal. 2009)). "[W]here a motion is in substance a Rule 12(b) (6) motion, but is incorrectly denominated as a Rule 12(f) motion, a court may convert the improperly designated 12(f) motion into a Rule 12(b)(6) motion." *Id.* (citing *Consumer Solutions*, 658 F. Supp. 2d at 1021).

3

B.  <u>Motion to Dismiss</u>

Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).  "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Only where a plaintiff fails to "nudge[] [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Federal Rule of Civil Procedure 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

**III.     ANALYSIS**

A.  <u>Defendant's Motion to Strike is Improper</u>

Defendant requests this Court strike all references to California Labor Code Section 202 from Plaintiffs' allegations on the grounds that the references are irrelevant and immaterial. (ECF

5

No. 16 at 8.)  A motion to strike must involve (1) an insufficient defense, (2) a redundant matter, (3) an immaterial matter, (4) an impertinent matter, or (5) a scandalous matter.  Fed. R. Civ. P. 12(f); *Yursik*, 2011 WL 5592888, at *3 (citing *Whittlestone*, 618 F.3d at 973–74).  Defendant fails to argue why any reference to the code section is irrelevant and immaterial.  (*See generally* ECF No. 16; Def.'s Reply in Supp. Mot. to Dismiss, ECF No. 24.)  Further, the Court finds that Defendant's Motion to Strike does not involve striking an insufficient defense or a redundant, immaterial, impertinent, or scandalous matter.  (*See generally* ECF No. 16.)  Accordingly, Defendant's Motion to Strike does not involve any of the five categories listed in Rule 12(f).  In reality, Defendant's Motion to Strike is based solely on the contention that Plaintiffs lack standing to assert a claim under the referenced code section.  (*See generally* ECF No. 16; ECF No. 24.)  Therefore, the Court finds that Rule 12(f) is an inappropriate basis for Defendant's Motion and thereby REJECTS the Motion to Strike.

  B. <u>Plaintiffs Lack Standing to Assert a Claim under California Labor Code Section 202</u>

  Defendant moves this Court to dismiss Plaintiffs' Fifth Cause of Action, failure to pay earned and owed wages after termination, to the extent Plaintiffs assert the claim under Labor Code Section 202.  (ECF No. 16 at 5.)  Labor Code Section 202 reads, "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter[.]"  Cal. Lab. Code § 202(a).  Defendant argues that Plaintiffs, as "laid off" employees, lack standing to assert a claim under that statute as individuals, and therefore cannot assert the cause of action on behalf of the class.  (ECF No. 16 at 7.)  Plaintiffs contend that because terminated employees suffered the same injury whether they quit or were discharged, Plaintiffs may properly seek waiting time penalties on behalf of all terminated employees not paid final wages in a timely manner.  (ECF No. 23 at 4.)

  "Federal case law is clear that the question of standing in class actions involves the standing of the class representative and not the class members."  *In re Tobacco II Cases*, 46 Cal. 4th 298, 318–19 (2009).  "[T]he trial court initially must address whether the named plaintiffs have standing under Article III to assert their individual claims. If that initial test is met, the court must then … determine whether … the named plaintiffs may represent the class."  *Id.* at 319

(quoting *Vuyanich v. Republic Nat'l Bank of Dallas*, 82 F.R.D. 420, 428 (N.D. Tex. 1979)). "In a class action, named plaintiffs representing a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *In re Adobe Sys. Privacy Litig.*, 66 F. Supp. 3d 1197, 1211 (N.D. Cal. 2014) (citing *Warth v. Seldin*, 422 U.S. 490, 502 (1975)) (internal quotations omitted).

Thus, in order for Plaintiffs to have standing to assert a cause of action for a violation of Labor Code Section 202, Plaintiffs must allege that they were personally injured by a violation of Labor Code Section 202. As previously noted, Labor Code Section 202 concerns employees who *quit* their employment. Lab. Code § 202(a). Therefore, a claim made under this statute may only be asserted by individuals who quit. Plaintiffs admit they were "laid off." (ECF No. 28 at ¶ 4.) Consequently, Plaintiffs fail to allege and cannot allege that they were injured by not receiving wages after quitting. (*See generally* ECF No. 23; ECF No. 28.) Thus, the Court finds that Plaintiffs lack standing to assert a claim under California Labor Code Section 202. As such, Defendant's Motion to Dismiss the Fifth Cause of Action to the extent that it includes a claim under Labor Code Section 202 is GRANTED.

### IV.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Strike is hereby DENIED and Defendant's Motion to Dismiss the Fifth Cause of Action to the extent that it includes a claim under California Labor Code Section 202 is GRANTED.

IT IS SO ORDERED.

Dated: February 23, 2016

Troy L. Nunley
United States District Judge