1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   MARCELINA PERALTA and                    No.  1:15-cv-00263-TLN-JLT
     RIGOBERTO MONJARAZ, individually
12   and on behalf of others similarly situated,

13                    Plaintiffs,             **ORDER**

14          v.

15   WONDERFUL CITRUS PACKING LLC,
     fka PARAMOUNT CITRUS PACKING
16   CO., LLC; and DOES 1 through 10,

17                    Defendants.

18

19          This matter is before the Court on Defendant Wonderful Citrus Packing LLC's (fka

20   Paramount Citrus Packing LLC) ("Defendant") Motion for Summary Judgment.  (ECF No. 48.)

21   Plaintiffs Marcelina Peralta and Rigoberto Monjaraz (collectively, "Plaintiffs") have filed a

22   statement of non-opposition.  (ECF No. 49.)  Defendant filed a reply.  (ECF No. 51.)  For the

23   reasons set forth below, Defendant's motion is GRANTED.

24   ///

25   ///

26   ///

27   ///

28   ///

                                            1

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs worked as seasonal agricultural workers for Defendant in Kern County during harvest seasons between 2013 and December 2015.  (ECF No. 28 at 2–3, 14.)  During that time, Plaintiffs were compensated on a piece-rate basis[1] for the work they performed harvesting Defendant's citrus.  (*Id.* at 1–2; ECF No. 48-2 at 2.)  Because they were only paid on a piece-rate basis, Plaintiffs allege Defendant failed to compensate them for the time they were engaged in various non-piece-work activities — such as "standby time," "reporting time," "travel time," and rest period times — for which they were entitled to receive minimum wages.  (ECF No. 28 at 1–3.)  As a result, Plaintiffs allege Defendant violated various federal and state labor laws.  (*Id.*)

Plaintiffs initiated this action on February 19, 2015, on behalf of themselves and their purported class of similarly situated seasonal agricultural workers.[2]  (ECF No. 1.)  The Second Amended Complaint ("SAC"), filed on December 17, 2015, is proceeding on Plaintiffs' causes of action for: (1) failure to pay minimum wages (Cal. Lab. Code §§ 1194, 1194.2, 1197) (Claims 1–2); (2) unfair competition ("UCL") (Cal. Bus. Prof. Code §§ 17200, 17203) (Claim 3); (3) failure to provide accurate wage statements (Cal. Lab. Code § 226) (Claim 4); (4) failure to pay all wages upon termination (Cal. Lab. Code §§ 201–203, 218, 218.5, 218.6) (Claim 5); and (5) failure to comply with the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA") (29 U.S.C. §§ 1802(2), 1821(d), 1832, 1854) (Claim 6).  (ECF No. 28.)  Each of Plaintiffs' claims is predicated upon the assertion that Defendant failed to timely and properly compensate them for rest and recovery periods and other nonproductive time when they were paid on a piece-rate basis.  (ECF No. 28 at 2; ECF No. 48-2 at 2.)

On March 9, 2016, Defendant filed its answer to the SAC, in which it asserted the affirmative defense that it intended to comply with California Labor Code § 226.2(b)'s ("§ 226.2(b)") safe harbor requirements.  (ECF No. 35 at 14; ECF No. 48-2 at 2.)

---

[1]     Workers who are paid on a "piece-rate basis" are compensated based upon the type and number of tasks performed rather than the number of hours worked.  *See, e.g., Jackpot Harvesting Co. v. Superior Court*, 26 Cal. App. 5th 125, 135 (2018), *rev. denied* (Nov. 20, 2018).

[2]     The Court denied Plaintiff's Motion for Order Granting Class Certification (ECF No. 39) on January 3, 2019.  (ECF No. 44.)

On June 27, 2016, Defendant submitted its notice to make back-payments to current and former employees — including Plaintiffs — that harvested Defendant's citrus between 2013 and December 2015 ("Eligible Employees"), pursuant to the safe harbor provisions set forth under § 226.2(b)(3).  (ECF No. 48-2 at 2; ECF No. 48-6.)  Defendant retained Dahl Administration, LLC ("Dahl") as a third-party administrator to make the payments to the Eligible Employees on Defendant's behalf. (ECF No. 48-2 at 2; ECF No. 48-4 at 2; ECF No. 48-5 at 2.)  Defendant then applied the 4% formula set forth under § 226.2(b)(1)(B) to calculate the payments owed to the Eligible Employees.  (ECF No. 48-2 at 2; ECF No. 48-4 at 2.)  On Defendant's behalf, Dahl mailed the following to Plaintiffs prior to December 15, 2016: (1) a check issued in the applicable amount to compensate the employee for previously uncompensated or undercompensated rest and recovery periods and other nonproductive time from July 1, 2012 to December 31, 2015; (2) a document in English and Spanish with the requisite statements set forth in § 226.2(b)(5); (3) a spreadsheet with the requisite information set forth in § 226.2(b)(5)(D); and (4) the calculations that were made to determine the total payments made.  (ECF No. 48-2 at 2–3; ECF No. 48-4 at 2–3; ECF No. 48-5 at 2; ECF Nos. 48-7, 48-8.)  Plaintiffs received and cashed the checks for back pay that Defendant issued to them.  (ECF No. 41-2 at 14–16, 31–36; ECF No. 41-4 at 38–49; ECF No. 48-2 at 3; ECF No. 48-3 at 2; ECF No. 48-5 at 2; ECF Nos. 48-9, 48-10, 48-11, 48-12; ECF No. 48-13 at 3–6; ECF No. 48-14 at 3–8.)

On July 16, 2019, Defendant filed the instant Motion for Summary Judgment, seeking dismissal of all Plaintiffs' claims pursuant to § 226.2(b).  (ECF No. 48.)  Plaintiffs filed a Statement of Non-Opposition to Defendant's Motion for Summary Judgment, but nevertheless reserved their right to seek fees and costs under California Labor Code § 226.2(j) ("§ 226.2(j)"). (ECF No. 49.)  On August 22, 2019, Defendant filed a Reply to address Plaintiffs' reservation of rights.  (ECF No. 51.)

## II.   STANDARD OF LAW

The purpose of summary judgment is to "pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.* (*Matsushita*), 475 U.S. 574, 587 (1986).  Summary judgment is appropriate when the

1   moving party demonstrates no genuine issue as to any material fact exists and the moving party is

2   entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Adickes v. S.H. Kress & Co.*, 398

3   U.S. 144, 157 (1970).  "In cases that involve … multiple causes of action, summary judgment

4   may be proper as to some causes of action but not as to others, or as to some issues but not as to

5   others, or as to some parties, but not as to others."  *Conte v. Jakks Pac., Inc.*, 981 F. Supp. 2d 895,

6   902 (E.D. Cal. 2013) (quoting *Barker v. Norman*, 651 F.2d 1107, 1123 (5th Cir. 1981)); *see also*

7   *Robi v. Five Platters, Inc.*, 918 F.2d 1439 (9th Cir. 1990); *Cheng v. Comm'r Internal Revenue*

8   *Serv.*, 878 F.2d 306, 309 (9th Cir. 1989).  A court "may grant summary adjudication as to specific

9   issues if it will narrow the issues for trial."  *First Nat'l Ins. Co. v. F.D.I.C.*, 977 F. Supp. 1051,

10   1055 (S.D. Cal. 1977).

11          Under summary judgment practice, the moving party always bears the initial

12   responsibility of informing the district court of the basis of its motion, and identifying those

13   portions of "the pleadings, depositions, answers to interrogatories, and admissions on file together

14   with affidavits, if any," which it believes demonstrate the absence of a genuine issue of material

15   fact.  *Celotex Corp. v. Catrett* (*Celotex*), 477 U.S. 317, 323 (1986).  To carry its burden of

16   production on summary judgment, a moving party "must either produce evidence negating an

17   essential element of the nonmoving party's claim or defense or show that the nonmoving party

18   does not have enough evidence of an essential element to carry its ultimate burden of persuasion

19   at trial."  *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc. (Nissan Fire)*, 210 F.3d 1099,

20   1102 (9th Cir. 2000).  "If a moving party fails to carry its initial burden of production, the

21   nonmoving party has no obligation to produce anything, even if the nonmoving party would have

22   the ultimate burden of persuasion at trial."  *Nissan Fire*, 210 F.3d at 1102–03; *see Adickes*, 398

23   U.S. at 160.  If, however, a moving party carries its burden of production, the burden then shifts

24   to the nonmoving party to establish that a genuine issue as to any material fact actually does exist.

25   *Matsushita*, 475 U.S. at 585–87.

26          In the endeavor to establish the existence of a factual dispute, the nonmoving party need

27   not establish a material issue of fact conclusively in its favor but need only show the claimed

28   factual dispute "require[s] a jury or judge to resolve the parties' differing versions of the truth at

1  trial." *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968). Nevertheless,

2  "[t]he mere existence of a scintilla of evidence in support of the [nonmoving party's] position will

3  be insufficient." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Similarly, the

4  nonmoving party may not merely rely upon the mere allegations or denials of its pleadings or

5  "show that there is some metaphysical doubt as to the material facts," but must instead tender

6  evidence of specific facts in the form of affidavits and/or admissible discovery material, in

7  support of its contention that the dispute exists. *Matsushita*, 475 U.S. at 586; *Estate of Tucker v.*

8  *Interscope Records*, 515 F.3d 1019, 1030 (9th Cir. 2008) (quoting Fed. R. Civ. P. 56(c), (e)).

9  Finally, the nonmoving party must demonstrate that the fact in contention is material, i.e., a fact

10  that might affect the outcome of the suit under the governing law, *Anderson*, 477 U.S. at 248, and

11  that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict

12  for the nonmoving party. *Id.* at 251–52.

13      In resolving the summary judgment motion, the court examines the pleadings, depositions,

14  answers to interrogatories, and admissions on file, together with any applicable affidavits. Fed.

15  R. Civ. P. 56(c); *SEC v. Seaboard Corp.*, 677 F.2d 1301, 1305–06 (9th Cir. 1982). The evidence

16  of the nonmoving party is to be believed, and all reasonable inferences that may be drawn from

17  the facts pleaded before the court must be drawn in favor of the nonmoving party. *Anderson*, 477

18  U.S. at 255. Nevertheless, mere disagreement as to legal implications of the material facts does

19  not bar summary judgment. *See Beard v. Banks*, 548 U.S. 521, 530 (2006). Rather, the inquiry is

20  "whether the evidence presents a sufficient disagreement to require submission to a jury or

21  whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at

22  251–52. "If the nonmoving party fails to produce enough evidence to create a genuine issue of

23  material fact, the moving party wins the motion for summary judgment." *Nissan Fire*, 210 F.3d

24  at 1103; *see also Celotex*, 477 U.S. at 322.

25      Even when a summary judgment motion is unopposed, a district court "cannot base the

26  entry of summary judgment on the mere fact that the motion is unopposed, but rather must

27  consider the merits of the motion." *Leramo v. Premier Anesthesia Med. Grp.*, No. CV F 09-2083

28  LJO JTL, 2011 WL 2680837, at *8 (E.D. Cal. Jul. 8, 2011), *aff'd*, 514 F. App'x 674 (9th Cir.

5

2013) (quoting *United States v. One Piece of Real Property, etc.*, 363 F.3d 1099, 1101 (11th Cir. 2004)); *Cristobal v. Siegel*, 26 F.3d 1488, 1494–95 & n. 4 (9th Cir. 1994) (unopposed motion may be granted only after court determines that there are no material issues of fact). That is, a district court must still "determine … whether the moving party has shown itself to be entitled to judgment as a matter of law." *Leramo*, 2011 WL 2680837 at *8 (quoting *Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 175 (3rd Cir. 1990)). The court may, however, grant an unopposed motion for summary judgment if the movant's papers are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact. *See Carmen v. San Francisco Unified School District*, 237 F.3d 1026, 1029 (9th Cir. 2001); *see also North American Specialty Insurance Company v. Royal Surplus Lines Insurance Company*, 541 F.3d 552, 558 (5th Cir. 2008) (if no factual showing is made in opposition to a motion for summary judgment, the district court is not required to search the record *sua sponte* for a triable issue of fact).

## III.   ANALYSIS

In this motion for summary judgment, Defendant argues that its satisfaction of the safe harbor payment provision under § 226.2(b) provides a complete affirmative defense against Plaintiffs' claims. (ECF No. 48 at 4–6.) Moreover, Defendant argues this affirmative defense bars Plaintiffs' complaint in its entirety because each of Plaintiff's six causes of action fall under § 226.2's purview. (*Id.* at 6.) Plaintiffs do not oppose the dismissal of their claims; however, they reserve the right to seek "statutory, contractual, or common fund attorney's fees or costs" pursuant to § 226.2(j). (ECF No. 49.) In Reply, Defendant generally opposes any fee requests, but defers any substantive argument pending a properly-noticed fees motion. (ECF No. 51.) The Court examines these arguments in turn.

### A.   Satisfaction of Safe Harbor Provision (Cal. Lab. Code § 226.2(b))

On January 1, 2016, Assembly Bill No. 1513 went into effect, creating § 226.2, which applies to "employees who are compensated on a piece-rate basis for any work performed during a pay period." Cal. Lab. Code § 226.2; *see also Jackpot Harvesting Co. v. Superior Court (Jackpot)*, 26 Cal. App. 5th 125, 148 (2018), *rev. denied* (Nov. 20, 2018); *Nisei Farmers League*

*v. Labor & Workforce Dev. Agency*, 30 Cal. App. 5th 997, 1006 (2019); *Certified Tire & Auto Service Center Wage & Hour Cases*, 28 Cal. App. 5th 1, 12 (2018).  Section 226.2 provides for separate payment for nonproductive work time and for rest periods when employees are compensated on a piece-rate basis, but also provides certain "safe harbors" that provide an affirmative defense to employers regarding past failures to separately pay piece-rate employees for rest periods and nonproductive time.  *Id.*

Specifically, § 226.2(a) provides that, going forward from the law's January 1, 2016 effective date, employers must compensate their piece-rate employees for rest and recovery periods and other nonproductive time "separate from any piece-rate compensation."  Cal. Lab. Code § 226.2(a)(1).  This separate compensation for rest and recovery time must be at an hourly rate that is no less than the applicable minimum wage, and in some instances must be greater than the minimum wage, depending on a statutory formula.  Cal. Lab. Code § 226.2(a)(3)(A), (B).  Similarly, the separate compensation for employees' other nonproductive time must be no less than the applicable minimum wage.  Cal. Lab. Code § 226.2(a)(4).

Meanwhile, § 226.2(b) creates a safe harbor affirmative defense for those piece-rate employers who voluntarily elect to make certain payments of previously (*i.e.*, pre-2016) unpaid compensation for rest/recovery periods and other nonproductive time.  Cal. Lab. Code § 226.2(b).  To establish this affirmative defense, the employer was required to pay all affected employees by December 15, 2016, all "previously uncompensated or undercompensated rest and recovery periods and other nonproductive time from July 1, 2012, to December 31, 2015."  The amount of the employer's payment must have been calculated using one of two alternative formulas: (a) "actual sums due" plus accrued interest, or (b) a formula based on four percent of each affected employee's gross earnings in the relevant pay periods.  Cal. Lab. Code § 226.2(b)(1)(A), (B).  Each safe harbor payment had to be accompanied by a statement that the payment was made pursuant to § 226.2(b), a statement explaining which of the two formulas was used to calculate the outstanding wages, a spreadsheet that showed gross wages for the time period worked and any amounts already paid, and the calculations made to determine the total payment.  Cal. Lab. Code § 226.2(b)(5).  Additionally, the employer was required to provide written notice to the

1    department "no later than July 1, 2016" of the employer's election to make the specified

2    payments to employees in accordance with the provisions of § 226.2(b).  Cal. Lab. Code §

3    226.2(b)(3).

4           Here, Defendant does not address Plaintiffs' allegations that it failed to compensate

5    Plaintiffs for their rest and recovery periods and other nonproductive time separate from

6    Plaintiff's piece-rate compensation.  Instead, Defendant submits evidence that it fully complied

7    with § 226.2(b)'s safe harbor provisions:

8                        (1) Defendant submitted its notice to the Department of Industrial
                         Relations on June 27, 2016, prior to the deadline of July 1, 2016 (ECF
9                        No. 48-2 at 2; ECF No. 48-6);

10                       (2) Defendant elected to determine the amount of safe harbor
                         payments to Plaintiffs using the four percent formula described in
11                       Labor Code § 226.2(b)(1)(B)  (ECF No. 48-2 at 2; ECF No. 48-4 at
                         2);
12
                         (3) Defendant paid the safe harbor back payments by mailing the
13                       checks to Plaintiffs prior to December 15, 2016 (ECF No. 48-2 at 2–
                         3; ECF No. 48-4 at 2–3; ECF No. 48-5 at 2; ECF No. 48-7; ECF No.
14                       48-8);

15                       (4) The payments to Plaintiffs were accompanied by the statements,
                         spreadsheets, and calculations required by § 226.2(b)(5) (id.); and
16
                         (5) Plaintiffs received and cashed their respective checks in
17                       December 2016 (ECF No. 41-2 at 31–36; ECF No. 41-4 at 38–49;
                         ECF No. 48-2 at 3; ECF No. 48-3 at 2; ECF No. 48-5 at 2; ECF Nos.
18                       48-9, 48-10, 48-11, 48-12; ECF No. 48-13 at 3–6; ECF No. 48-14 at
                         3–8).
19

20           Based on the record before it, the Court finds Defendant has met its burden of

21    demonstrating compliance with the requirements of the safe harbor provision set forth in §

22    226.2(b).  *Nissan Fire*, 210 F.3d 1099, 1102 (9th Cir. 2000).  Plaintiffs do not dispute the

23    evidence submitted by Defendant but instead have submitted a statement of non-opposition.

24    (ECF No. 49.)  Accordingly, the Court finds Defendant has established a complete affirmative

25    defense to Plaintiffs' claims arising from alleged past failures to pay Plaintiffs for rest periods and

26    nonproductive time.

27                       B.    Applicability of Affirmative Defense to Plaintiffs' Claims

28           Defendant further argues the safe harbor provision of § 226.2(b) applies to each of

Plaintiffs' six causes of action because they are all predicated upon Defendant's alleged failure to compensate Plaintiffs for their rest and recovery periods and other nonproductive time prior to and including December 31, 2015. (ECF No. 48 at 6 (citing Cal. Lab. Code § 226.2(b)).) The Court agrees.

"[T]he statutory intent of the safe harbor provision was to provide a defense to employers for *any* pre-2016 claims for unpaid rest/[nonproductive] time." *Jackpot*, 26 Cal. App. 5th at 149, 154 (emphasis in original) (citing Cal. Lab. Code § 226.2(b)); *see also Shook v. Indian River Transp. Co.*, 716 F. App'x 589, 590 (9th Cir. 2018) (upholding trial court's application of § 226.2's safe harbor affirmative defense to bar plaintiffs' claims related to timely and full payment of wages, form of wage statements, failure to compensate separately for rest breaks, compliance with California minimum wage law, and derivative claims under the California Labor Code, Private Attorneys General Act, and UCL, where claims were predicated upon the alleged failure to compensate for nonproductive and rest/recovery time).

As Defendant correctly notes, a review of Plaintiffs' SAC reveals each claim is predicated upon the assertion that Defendant failed to timely and properly compensate Plaintiffs for rest and recovery periods and other nonproductive time when they were paid on a piece-rate basis:

- Claims 1–2 (Cal. Lab. Code §§ 1194, 1194.2, 1197): Plaintiffs claim Defendant failed to pay them all minimum wages, separate and apart from their piece-rate wages, for every hour worked;

- Claim 4 (Cal. Lab. Code § 226): Plaintiffs claim Defendant failed to provide accurate wage statements because it did not account for Plaintiffs' rest and recovery periods and other nonproductive time;

- Claim 5 (Cal. Lab. Code §§ 201–203, 218, 218.5, 218.6): Plaintiffs claim Defendant failed to pay all wages upon termination because it did not account for Plaintiffs' rest and recovery periods and other nonproductive time in prior wages paid to Plaintiffs;

- Claim 6: Plaintiffs claim Defendant violated the AWPA by failing to pay Plaintiffs all wages they were owed, specifically, wages earned during Plaintiffs' rest and

9

recovery periods and other nonproductive time; and

- Claim 3: Plaintiffs' UCL claim (Cal. Bus. Prof. Code §§ 17200, 17203) is derivative of Plaintiffs' other claims.

(ECF No. 28 at 2–3, 8–15; *see also* ECF No. 48-2 at 2.)  Further, Plaintiffs do not dispute that Defendant's affirmative defense under the safe harbor provisions of § 226.2(b) applies to all six of their causes of action.  (ECF No. 49.)

In sum, the Court finds Defendant has met its burden to establish it complied with all the requirements set forth under § 226.2(b), providing a complete affirmative defense against Plaintiffs' claims.  Plaintiffs do not dispute the statement of facts or evidence submitted by Defendant, but rather concede in their Statement of Non-Opposition that Defendant met the safe harbor provisions set forth under § 226.2(b) and dismissal of all claims is appropriate.  (ECF No. 49.)  Accordingly, the Court hereby GRANTS Defendant's Motion for Summary Judgment. (ECF No. 48.)

C.     Plaintiffs' Request to File Fees and Costs Motion (Cal. Lab. Code § 226.2(j))

Finally, the Court turns to Plaintiffs' contention that they are entitled to seek an award of attorney's fees and costs pursuant to § 226.2(j).  (ECF No. 49.)  Section 226.2(j) provides, "Nothing in this section precludes a judge from awarding statutory, contractual, or common fund attorney's fees or costs in connection with an action filed before October 1, 2015." Cal. Lab. Code § 226.2(j).  Plaintiffs argue § 226.2(j) is applicable to the instant action because it was filed prior to October 1, 2015.  (ECF No. 49.)  Notably, Plaintiffs do not seek an award of fees or costs at this time, but merely request a dismissal without prejudice so that they may file a properly-noticed fees motion subsequent to issuance of this Order.  (*See id.*)  On Reply, Defendant does not directly argue that Plaintiffs are prohibited from seeking fees and costs pursuant to § 226.2(j), but comments generally on the well-settled rule that, "unless authorized by either statute or agreement, attorney's fees ordinarily are not recoverable as costs." (ECF No. 51 at 2 (citing *Bldg. Maint. Serv. Co. v. AIL Sys., Inc.*, 55 Cal. App 4th 1014, 1029 (1997)).)

/ / /

10

To the extent they seek a dismissal "without prejudice" instead of "with prejudice" for purposes of bringing a fees motion, Plaintiffs' request is without merit.  Procedurally, the Eastern District Local Rules require all motions for attorneys' fees be filed no later than "28 days after entry of final judgment." E.D. Cal. L.R. 293(a) (citing Fed. R. Civ. P. 54(d), 58); *see also* E.D. Cal. L.R. 292 (bill of costs must be filed within 14 days of entry of judgment); *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 451–52 (1982) (fees inquiry could not commence until after one party had "prevailed" on the merits of the litigation); *Jones v. Bradshaw Bar Grp., Inc.*, 735 F. App'x 233, 234–35 (9th Cir. 2017) (entry of final judgment required to trigger deadline to file fees motion).  The Court therefore declines to grant Plaintiffs' request on this basis.

As for the issue of whether Plaintiffs may pursue fees and costs under § 226.2(j), the Court notes both parties have declined to substantively address the issue of fees and costs at this time and have deferred such argument pending Plaintiffs' filing of a properly-noticed motion. (*See* ECF No. 49 at 2; ECF No. 51 at 2.)  The Court therefore reserves ruling on this matter until it is squarely presented before the Court.

## IV.    CONCLUSION

For the aforementioned reasons, Defendant's Motion for Summary Judgment is hereby GRANTED.  (ECF No. 48.)

IT IS SO ORDERED.

DATED:  October 6, 2020

Troy L. Nunley
United States District Judge