UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELINA PERALTA and RIGOBERTO MONJARAZ,<br><br>Plaintiffs,<br><br>v.<br><br>WONDERFUL CITRUS PACKING LLC,<br><br>Defendants, | No. 1:15-cv-00263-TLN-JLT<br><br>**ORDER** |

This matter is before the Court on Plaintiffs' Marcelina Peralta and Rigoberto Monjaraz ("Plaintiffs") Motion for Attorney Fees. (ECF No. 58.) Defendant Wonderful Citrus Packing LLC ("Defendant") filed an opposition. (ECF No. 59.) Plaintiffs filed a reply. (ECF No. 60.) For the reasons set forth below, the Court hereby DENIES Plaintiffs' motion.

///
///
///
///
///
///
///
///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

This wage and hour case arises from a dispute over Defendant's failure to pay piece rate employees minimum wages under California law for time spent engaged in various non-piece work activities. (ECF No. 28 at 1–2.) Plaintiffs filed the operative Second Amended Complaint on December 17, 2015. (ECF No. 28.) On December 2, 2016, Defendant elected to make payments under California Labor Code § 226.2(b)(1)(B) ("§ 226.2") to 27,351 agricultural workers, including Plaintiffs, which granted Defendant an affirmative defense against Plaintiffs' claims in this action.[1] (ECF Nos. 48-4, 48-5.) Despite these payments, Plaintiffs moved for class certification on June 1, 2017. (*See* ECF No. 39.) The Court denied Plaintiffs' motion on January 3, 2019. (ECF No. 44.) Defendant filed an unopposed motion for summary judgment on its affirmative defense under § 226.2 on July 16, 2019. (ECF No. 48.) The Court granted Defendant's motion and entered judgment on October 7, 2020. (ECF Nos. 52, 53.) Plaintiffs filed the instant motion for attorneys' fees on November 4, 2020. (ECF No. 58.)

### II. STANDARD OF LAW

"An award of attorney's fees incurred in a suit based on substantive state law is generally governed by state law." *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1024 (9th Cir. 2003); *see also Klien v. City of Laguna Beach*, 810 F.3d 693, 701 (9th Cir. 2016) ("[F]ederal courts apply state law for attorneys' fees to state claims because of the *Erie* doctrine."). Under the "American Rule," parties to litigation must pay their own attorneys' fees despite prevailing in the litigation. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Heath and Human Res.*, 532 U.S. 598, 602 (2001) (stating the American Rule generally applies in the United States in both federal and state courts). California follows the American Rule generally but permits recovery of attorneys' fees under specific statutes. *See* Cal. Code Civ. P. §

---

[1] After two California Courts of Appeals decisions in 2013 interpreted California law to require employers to separately compensate employees paid on a piece rate basis for rest periods at the applicable hourly minimum wage, the California Legislature provided employers a statutory "safe harbor" from liability if they retroactively compensated employees. *See* Ben Ebbink, AB 1513 Concurrence in Senate Amendments Analysis, 2015–2016 Leg., Reg. Sess., at 5 (2015); *Bluford v. Safeway*, 216 Cal. App. 4th 846 (2013); *Gonzalez v. Downtown LA Motors LP*, 215 Cal. App. 4th 36 (2013).

1021; *Graham v. Daimler Chrysler Corp.*, 34 Cal. 4th 553, 565 (2004). In lawsuits to recover unpaid minimum wages, California Labor Code § 1194 permits a successful employee to recover reasonable attorneys' fees and costs. *See* Cal. Lab. Code § 1194. To recover attorneys' fees under the statute, the employee must be the "prevailing party." *See Earley v. Superior Court*, 79 Cal. App. 4th 1420, 1429 (2000).

### III.  ANALYSIS

Plaintiffs contend they are entitled to costs in the amount of $1,932.06 and attorneys' fees in the amount of $87,000 as the prevailing party. (ECF No. 58-1.) Specifically, Plaintiffs argue they are prevailing parties because Defendant exercised the safe harbor provision in § 226.2 by paying more than $2,325,700 to 27,351 agricultural workers "[i]n order to avoid all the liabilities threatened by this lawsuit." (*Id.* at 1, 3.) Although ultimately disposed of on summary judgment, Plaintiffs contend they achieved their "principal litigation goal in substance" in the instant action when Defendant made these payments. (*Id.* at 1.)

Defendant argues Plaintiffs are not the prevailing party because they failed to achieve class certification or succeed on any of their claims against Defendant. (ECF No. 59 at 1.) Rather, Defendant argues it is the prevailing party, and therefore entitled to its costs, because Defendant succeeded on all claims at summary judgment. (*Id.* at 5.) In the alternative, Defendant contends Plaintiffs' attorneys' fees are unreasonable. (*Id.* at 5–7.)

#### A.   Prevailing Party

Plaintiffs may be entitled to attorneys' fees even when they do not obtain favorable judgments if their lawsuits are the "catalyst" for actions by the defendant that provide sought-after relief. *See Graham*, 34 Cal. 4th at 565–68. "However, in order to justify a fee award, there must be a causal connection between the lawsuit and the relief obtained." *Westside Cmty. for Indep. Living, Inc. v. Obledo*, 33 Cal. 3d 348, 353 (1983). Thus, when the defendant's voluntary action is "induced by" or "clearly a result of" plaintiff's legal action, plaintiffs may be entitled to a fee award absent judgment in their favor. *Id.* (citing *Northington v. Davis*, 23 Cal. 3d 955, 960 n.2 (1979); *Fletcher v. A.J. Indus., Inc.*, 266 Cal. App. 2d 313, 325 (1968)).

Plaintiffs have failed to convince the Court that Defendant's payments under § 226.2

totaling approximately $2 million were "induced by" or "clearly a result of" the liabilities threatened by this lawsuit. Plaintiffs' back pay totaled approximately $1,200. (ECF Nos. 48-7, 48-8.) Had Defendant wanted to avoid the liabilities posed by Plaintiffs' lawsuit as Plaintiffs assert, settlement would have been a far less expensive route than the safe harbor provision of § 226.2. Further, Plaintiffs failed to achieve class certification. (*See* ECF No. 44.) They cannot now claim that failure resulted in the "recovery" of $2 million for 27,351 agricultural workers. (*See* ECF No. 58-1 at 1.) In sum, Plaintiffs have provided the Court with no evidence of a causal connection between the safe harbor payments and this action.

Plaintiffs rely on two cases. Both are distinguishable. In *Hsu v. Abbara*, the California Supreme Court held that the "prevailing party" for the purpose of recovering attorney's fees in a contract dispute should be determined by considering who got the upper hand in the litigation, regardless of final judgment. *See Hsu v. Abbara*, 9 Cal. 4th 863, 876 (1995). First, Plaintiffs provide no analysis as to why the contract interpretation at issue in *Hsu* should apply to the definition of "prevailing party" in an action to recover unpaid minimum wages. Second, assuming *Hsu* applies, the results of this case are not "purely good news for one party and bad news for the other." *Hsu*, 9 Cal. 4th at 876. Plaintiffs "recovered" approximately $1,200 and Defendant avoided the significant liability inherent in class certification.

Plaintiffs next rely on *DeSaulles v. Cmty. Hosp. of Monterey Peninsula*, 62 Cal. 4th 1140, 1154 (2016), arguing there is "no meaningful difference between a plaintiff obtaining monetary relief through a settlement and a plaintiff obtaining monetary relief through receipt of a safe harbor payment" under § 226.2. (ECF No. 58-1 at 3.) However, a compromise agreement or a negotiated settlement typically involves a payment to the plaintiff in exchange for dropping the case. *See DeSaulles*, 62 Cal. 4th at 1156. Plaintiffs have failed to provide evidence of a similar exchange here. In other words, it is not clear to the Court what role Plaintiffs' relatively low-exposure action had in Defendant's decision to take advantage of a statutory safe harbor provision that involved payments to tens of thousands of employees.

Therefore, the Court declines to label Plaintiffs the "prevailing party" in this action for the purpose of recovering attorneys' fees or costs of suit under § 1194. Because Plaintiffs did not

prevail in this action, they are not entitled to fees or costs. *See Earley*, 79 Cal. App. 4th at 1429. As such, the Court need not determine if Plaintiffs' requested fee award is reasonable.

### B. Defendant's Costs

As mentioned, Defendant asserts it is the prevailing party in this action and therefore entitled to an award of its costs. (ECF No. 59 at 5.) The parties do not dispute § 1194 controls the award of costs. (*See* ECF No. 58-1 at 2; ECF No. 59 at 3.)

"Because [§] 1194 provides only for a successful plaintiff to recover attorney fees and costs, it is a one-way fee shifting statute precluding an employer from collecting fees and costs even if the employer prevails on a minimum wage or overtime claim." *Ling v. P.F. Chang's China Bistro, Inc.*, 245 Cal. App. 4th 1242, 1253 (2016). The weight of California authority supports this interpretation of § 1194. *See Cruz v. Fusion Buffet, Inc.*, 57 Cal. App. 5th 221, 240–42 (2020); *Ling*, 245 Cal. App. 4th at 1253–55; *Aleman v. AirTouch Cellular*, 209 Cal. App. 4th 556, 580 (2012); *Earley*, 79 Cal. App. 4th at 1425; *but see Plancich v. United Parcel Service, Inc.*, 198 Cal. App. 4th 308, 314 (2011).

Therefore, despite the judgment in Defendant's favor, Defendant is unable to recover its costs under § 1194.

### IV. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Plaintiffs' Motion for Attorney Fees. (ECF No. 58.) Each side shall bear its own costs and fees.

IT IS SO ORDERED.

Date: September 9, 2021

Troy L. Nunley
United States District Judge